FRANK M. STAHL V. E. S. LEE.

No. 14,313.    (80 Pac. 983.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Act of 1901 Not Repealed by Act of 1903.* Chapter 232 of the Laws of 1901 (Gen. Stat. 1901, secs. 2493-2500), being "An act relating to the sale of intoxicating liquors and the suppression of places where such liquors are sold or used or kept for sale or use contrary to law," was not repealed by chapter 122 of the Laws of 1903, entitled "An act relating to cities of the first class, and repealing chapter 37 of the Laws of 1881 and all acts amendatory and supplemental thereto, and chapter 82, Laws of 1897, and all acts amendatory and supplemental thereto, in so far as the same relate to cities of the first class."

2. ——— *Act of 1901, Relating to Cities, Held in Force.* That part of section 7 of chapter 232, Laws of 1901 (Gen. Stat. 1901, sec. 2499) which provides that "cities of the first, second and third classes may provide by ordinance for the prohibition of the sale of intoxicating liquors contrary to law and the suppression of common nuisances as hereinbefore defined, and for the search of premises where such common nuisances are maintained, and the seizure and destruction of all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property used in maintaining the same," was not repealed by chapter 122 of the Laws of 1903, and is not unconstitutional.

3. ——— *Seizure of Property—Right of Appeal.* Section 4 of chapter 232, Laws of 1901 (Gen. Stat. 1901, sec. 2496), preserves to the claimant of property seized under such an ordinance the right of appeal from a judgment of the police court.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 6, 1905. Reversed.

STATEMENT.

THE plaintiff brought replevin to recover certain intoxicating liquors alleged to have been wrongfully taken from his possession and detained by the defendant. There was no redelivery bond given and the

property remained in the possession of the plaintiff. The defendant answered the petition as follows:

"(1) That the personal property taken on the writ of replevin herein consisted of intoxicating liquors and other property, which said plaintiff was keeping and using in violation of law, and was, at the time of the issuance and service of said writ, *in custodia legis,* the same being in the possession of the defendant, Frank M. Stahl, who was at the time, and still is, the legally qualified and acting chief of police of the city of Topeka, pursuant to the issuance and service of a valid search-and-seizure warrant under the ordinances of the city of Topeka, in a criminal prosecution against said plaintiff for a violation of ordinance No. 2211, being an ordinance to prohibit the sale of intoxicating liquors, and to prohibit and suppress the keeping of places where intoxicating liquors are sold and used, except for lawful purposes, and the said plaintiff had no legal right to take said property in said replevin suit, and was and is not entitled to the possession thereof, and has no legal right to maintain said replevin suit.

"(2) And for further answer and defense to said petition said defendant refers to his first defense herein and makes the same a part of this defense as fully as if the same were set out in detail, and, in addition thereto, says that said plaintiff had no legal right to commence and maintain said replevin suit, and now has no legal right to maintain the same, for the reason that sections 7, 8 and 9 of said ordinance No. 2211, under which the plaintiff was arrested, provides fully how the right and title to the property in controversy shall be tried and determined in the police court of said city, and the said plaintiff, prior to the time that proceedings under sections 7, 8 and 9 could be instituted to determine the right and title to said property, commenced this replevin suit and thereby prevented the institution of such proceedings to determine the right and title to said property; that said sections 7, 8 and 9 of said ordinance No. 2211 are as follow:

" 'SEC. 7. Upon the filing with the police judge of a complaint under oath charging that a place is kept or maintained as a common nuisance by any person or persons, and that intoxicating liquors, bottles, kegs,

Stahl v. Lee.

pumps, bars or other property are kept or used therein in keeping and maintaining such place as a common nuisance, a warrant shall be issued commanding the officer to whom it is directed to arrest the person or persons charged or described as the keeper or keepers thereof, to search the place described in such complaint, and seize and take into his custody all intoxicating liquors, bottles, pumps, glasses, kegs, bars and other property described in said complaint which he may find at such place, and safely keep the same subject to the order of the court.  The complaint shall describe the place to be searched with sufficient particularity to identify the same, and shall describe the intoxicating liquors or other property alleged to be used in maintaining the same as particularly as practicable; but any description, however general, that will enable the officer executing the warrant to identify the property to be seized shall be deemed sufficient.  Upon the return of the warrant the court shall proceed as in other cases against the person or persons arrested and the liquor seized.

" 'SEC 8.    Whenever any intoxicating liquors or other property shall be seized under such a warrant, whether an arrest has been made or not, the police judge shall issue a notice within forty-eight hours after the return of the warrant, directed to the defendant in such action, and to all persons claiming any interest in the intoxicating liquors or other property, fixing the time and place at which all persons claiming any interest therein may appear and answer the complaint made against such intoxicating liquors or other property, and show cause, if any they have, why the same should not be adjudged forfeited and ordered destroyed.    The notice shall be served upon the defendant or defendants in the action in the same manner as a summons, if they be found within the jurisdiction of the police judge, and a copy thereof shall also be posted in a conspicuous position on the place where such property was seized.    If at the time for filing answer said notice has not been duly served, or other sufficient cause appear, the time for answering may be by the court extended, and such other notice issued as will supply any defect in the previous notice, and give reasonable time and opportunity for all persons interested to appear and answer.    At or before the time

33—71 KAN.

fixed by notice any person claiming an interest in the intoxicating liquors or other property seized may file his answer in writing, setting up his claim thereto, and shall thereupon be admitted as a party defendant to the proceedings against such liquor or other property. The complaint and any answer or answers that may be filed shall be the only pleadings required; and at the time fixed for answer, or at any other time then to be fixed by the court, a trial shall be had in a summary manner before the court of the allegations of the complaint against the liquors, or other property seized; and whether any answer shall be filed or not, it shall be the duty of the city attorney to appear and adduce evidence in support of such allegations.

" 'SEC. 9. If the court shall find that said intoxicating liquors or other property, or any part thereof, were, at the time the complaint was filed, being used in maintaining a common nuisance, he shall adjudge forfeited so much thereof as he shall find was being so used, and shall order the officer in whose custody it is to publicly destroy the same; so much of said intoxicating liquor or other property as the court shall not find to. have been used in maintaining a common nuisance he shall order returned by the officer in whose custody it is to the place, as nearly as may be, from which it was taken, or delivered to the person establishing his claim to the same. If the court shall find that any of the liquors or other property was at the time the complaint was filed being used in maintaining a common nuisance, and shall also find that it was being so used by any person served with the notice provided for in the previous section of this ordinance, or by any person filing an answer, as in said section provided, or that it was then owned by any such person, and by him knowingly allowed to be so used, the court shall render judgment against such person for the costs of the proceedings against the intoxicating liquors or other property so used or owned by him. If the court shall not find that any of said intoxicating liquors or other property seized was, at the time the complaint was filed, being used in maintaining a common nuisance, or shall not find that any of it was being so used or so owned and allowed to be used, by any person served with the notice aforesaid, or voluntarily becoming a party as aforesaid, the costs

of the proceedings against such property shall be paid as in other criminal cases.   Either the city 'or any defendant or other person claiming the property seized may appeal from the judgment of the police judge in any such special proceeding against property seized. Any claimant of such property who appeals must, within ten days, enter into an undertaking with two or more sureties to the city of Topeka, to be approved by the police judge, in a sum of not less than one hundred dollars, nor less than double the costs adjudged against him, conditioned that he will prosecute his appeal without unnecessary delay, and that, if judgment be rendered against him on appeal, he will satisfy the judgment and costs.   No bond shall be required for an appeal by the city, and such appeal shall stay the execution of the judgment.'

"Wherefore, said defendant prays for a return of said property to said defendant, or judgment for the value thereof, and for costs."

To this answer a demurrer was sustained and judgment rendered for plaintiff for costs.

Sections 7, 8 and 9 of the ordinance contained in the answer, with the exception of some unimportant changes in phraseology necessary to conform to the police court, in so far as they are applicable to the question in this case, are copies of sections 2, 3 and 4 of chapter 232 of the Laws of 1901 (Gen. Stat. 1901, §§ 2494-2496).

Section 4 of chapter 232 of the Laws of 1901 (Gen. Stat. 1901, § 2496), among others, contains the following provisions:

"Either the state or any defendant or other person claiming the property seized may appeal from the judgment of the court in any such special proceeding against property seized, in the manner provided for taking appeals in criminal cases, except that the appeal must be taken within ten days, unless the time be by the court for good cause shown extended; and any claimant of such property who appeals in order to stay proceedings must enter into an undertaking with two or more sureties to the state of Kansas, to be approved by the trial court or the clerk thereof."

Section 7 of said act (Gen. Stat. 1901, § 2499) reads as follows:

"Cities of the first, second and third classes may provide by ordinance for the prohibition of the sale of intoxicating liquors contrary to law and the suppression of common nuisances as hereinbefore defined, and for the search of premises where such common nuisances are maintained, and the seizure and destruction of all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property used in maintaining the same. Such ordinances may be enforced by imposing as a penalty for the violation of the same a fine of not less than one hundred dollars nor more than five hundred dollars, and imprisonment for not less than thirty days nor more than six months for each offense, and payment of the costs, and shall provide for commitment until fine and costs are paid. In prosecutions for violations of such ordinances, it shall not be necessary to describe in the complaint the kind of liquor sold or used, or the place where sold or kept, except where the charge is for maintaining a common nuisance; nor shall it be necessary to state the name of the person to whom sold, or to prove in the first instance that the party charged did not have a permit to sell intoxicating liquors."

*Charles F. Spencer*, and *W. H. Cowles*, for plaintiff in error.

*C. A. Magaw*, and *G. C. Clemens*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The defendant in error filed a motion to dismiss this proceeding because the judgment against defendant in the court below did not exceed $100. The value of the property in controversy, as alleged by the plaintiff in his petition, exceeded $100. The plaintiff below having obtained possession of such property by the order in replevin, and no redelivery bond having been executed, the property was in his possession when the judgment was rendered. A judg-

ment against the defendant for costs necessarily carried with it the right of the plaintiff to retain possession of the property, which, for the purpose of this motion, was of the value alleged in his petition. The motion to dismiss is, therefore, denied.

It will be observed that the answer states that the property in question was intoxicating liquors; that prior to its seizure the plaintiff was using it in maintaining a public nuisance in the city of Topeka; that Frank M. Stahl was the chief of police of said city; that a complaint, charging the plaintiff with being the keeper of a place where intoxicating liquors were sold in violation of an ordinance of the city of Topeka, had been filed in the police court, upon which a warrant for the arrest of the plaintiff and an order for the seizure of the property had been issued to Stahl, as chief of police, commanding him to arrest the plaintiff and seize the property; that the warrant and order had been served by arresting the plaintiff and seizing the property, and that when it was taken in replevin it was being held under such order of seizure pending a hearing and determination whether it was being used by the plaintiff in the maintenance of a nuisance. The demurrer admits all of these facts.

The contention of the defendant in error is that cities of the first class have no legislative authority to enact and enforce ordinances for the suppression of nuisances under the prohibitory law and for the seizure and destruction of all property used in maintaining such nuisances; that section 7 of chapter 232, Laws of 1901 (Gen. Stat. 1901, § 2499), which attempted to confer such authority upon all cities in Kansas, was repealed by chapter 122 of the Laws of 1903, commonly called "the first-class-city charter act."

We are of the opinion that the charter act does not, either directly or by implication, repeal chapter 232 of the Laws of 1901, or any part thereof. On the contrary, it appears quite plain that in the enactment of

the charter act the legislature had in mind the provisions of chapter 232 and other similar statutes, and, in view thereof, enacted section 198 of the charter act, which provides that "all existing laws and ordinances not inconsistent with the provisions of this act shall remain in full force and effect." We find nothing in chapter 232 of the Laws of 1901 in conflict or inconsistent with the provisions of the charter act; therefore, under the saving clause, it must be held that the legislature did not intend to repeal such act, but that, in so far as it was applicable to cities of the first class, it should stand and become a part of the act of 1903.

It will be observed that the so-called charter act of 1903 has application to cities of the first class only, and if we should give it the construction contended for by the defendant in error we would have a statute conferring such power on cities of the second and third classes and withdrawing it from cities of the first class. This condition would be strangely inconsistent with the policy pursued in Kansas for the past twenty-five years with reference to the suppression of the sale and use of intoxicating liquors as a beverage. It has been the constant effort of the legislature during that period of time to enact new laws of such character, and to amend the old ones in such ways, as to make the prosecution and conviction of persons engaged in this unlawful traffic more certain. It is within the knowledge of every person that in cities of the second and third classes such laws are reasonably well enforced by the county officials of the county in which such cities are located. It is equally well known that in counties where cities of the first class are situated county officials are unable, because of the additional duties arising from a greater population, to give the time to such prosecutions that would be expected from such officials in less populous counties. Therefore, we would hardly expect the legislature to deprive such cities of the power to enforce the law in

question by the enactment and enforcement of ordinances.

We think, therefore, that cities of the first class, in so far as the legislature could confer the power, may provide by ordinance for the prohibition of the sale of intoxicating liquors contrary to law, the suppression of common nuisances, and the seizure and destruction of all intoxicating liquors and other property used in maintaining a common nuisance.

A second contention is that if section 7 quoted in the statement is not repealed it is unconstitutional, at least in so far as it attempts to confer authority upon cities to provide by ordinance for the seizure and destruction of intoxicating liquors and other property used in maintaining a common nuisance under the prohibitory law. This contention is based on the right of such claimant to a jury trial in determining whether such property has been so used in violation of law and the absence of power in the police court to grant a jury trial, and the further contention that there is no provision in the law for an appeal from a judgment of the police court ordering the destruction of such property. In Kansas intoxicating liquor is property, and before it can be ordered destroyed the claimant thereto is entitled to a trial by jury of the question whether it has been used in violation of law. There is no authority for such a trial in the police court, but the act that conferred upon cities the authority to pass and enforce such ordinances provides for an appeal by the claimant of such property, as shown by that portion of section 4 of chapter 232, Laws of 1901, which is quoted in the statement. The provision conferring such authority upon cities is not, for the reason suggested, unconstitutional or void.

Some incidental questions are presented by defendant in error, but the controlling ones are decided.

The judgment of the court below is reversed, with instructions to overrule the demurrer.

All the Justices concurring.