Argued April 3; reversed April 10, 1934

# ENLOE *v.* LAWSON

(31 P. (2d) 171)

*Frank S. Grant,* City Attorney, and *James West,* Deputy City Attorney, both of Portland (R. A. Imlay, Deputy City Attorney, of Portland, on the brief), for appellant.

*Rex Kimmell,* of Portland (Neuner & Kimmell, of Portland on the brief), for respondent.

BEAN, J. The plaintiff is the owner of a large number of money slot machines operated by dropping into a slot a nickel, dime, quarter or other coin, according to the type of the particular machine, which coin unlocks the mechanism and enables the player to operate the machine by pulling a lever. This causes three discs to revolve rapidly, independent of each other and not under the control of the operator. Each disc is marked with a series of designs, certain combinations of which designs win for the player, while all other combinations of designs pay nothing to the operator. The mechanism is so arranged that about a third of the money deposited by the public is returned to those who are lucky, while the other two-thirds of the money remains in the machine. The plaintiff places these machines in the possession of operators of pool halls, soft drinks and candy stores, gambling joints and other places in the city of Portland where the public may have access to operate them, and it is asserted that two-thirds of the money received from the public is divided between the plaintiff and the proprietor where

the machine is placed. The coin machines are placed in strong steel boxes with legs to maintain them at counter height, and a locked bar to prohibit their removal from the steel boxes when opened. When the city officers appear the sliding top is sometimes closed by the proprietor and apparently reopened when the officers leave.

The city council of Portland passed Ordinance No. 32928, which is entitled "An Ordinance on public morals and decency, and declaring an emergency" on June 6, 1917. It was amended by Ordinance No. 60481 which added sections 13-1, 13-2 and 13-3, making the possession of slot machines an offense. In so far as material here, the amendment is as follows:

"Section 13-1. Money Slot Machines. It shall be unlawful to set up, keep or have in possession or to manufacture, sell or distribute within the City of Portland any nickel-in-the-slot or other money slot machine or similar device adapted, devised or designed for the purpose of playing any game of chance for money or property, and it shall be unlawful for any person to have in possession any operating part capable of being assembled or used in any such machine or device."

Section 13-2 relates to punchboards.

"Section 13-3. Seizure and Destruction. It shall be the duty of the Chief of Police to seize any such money slot machine or operating part thereof, or any punchboard found in the possession of any person in the City of Portland in violation of the two preceding sections. Whenever it shall appear to the Municipal Court that such machines or devices so seized were used or kept within the City of Portland in violation of this ordinance the Municipal Court, in addition to the penalties prescribed by this ordinance, may adjudge forfeiture thereof and shall order the Chief of Police to destroy the same. The Chief of Police shall make a return to the court showing that he has complied with such order."

A number of these machines has been taken by the police bureau and the possessors arrested, tried and convicted in the municipal court of the city of Portland, and an order has been entered in each case by the municipal court directing the destruction of the slot machines. Therefore, this suit was instituted and a temporary injunction issued enjoining the destruction of the machines and after hearing the injunction was made permanent.

The language of the decree covers many additional machines, not included in the complaint, which were taken up after this suit was filed and their possessors charged with the offense of possession under the ordinance. In each case upon conviction being pronounced by the court and sentence imposing a fine, and upon an affidavit being filed asking for an order that the slot machines be destroyed, an order was issued by the municipal court for the destruction of the machines, each of which orders is, in substance, as follows:

"In The Municipal Court of the City of Portland, County of Multnomah, State of Oregon. Before the Municipal Judge and Ex-Officio Justice of the Peace. City of Portland, Plaintiff, v. Harry Lee, Defendant: Order for Destruction of Money Slot Machines.

This matter coming on for hearing on September 18, 1933, before the Honorable H. M. Tomlinson, Judge of the above entitled Court, and it appearing to the satisfaction of the Court that the defendant was arrested on September ―, 1933, at 933 S. W. 3rd Avenue, in the City of Portland, County of Multnomah, State of Oregon, by police officers of the City of Portland, and charged with unlawfully having in his possession a money slot machine; and it further appearing to the satisfaction of the Court that the said machine was seized by the police officers of the said City of Portland by virtue of a violation of a city ordinance prohibiting the possession of money slot machines; that on Sep-

tember 18, 1933, the said defendant appeared for trial, by his attorney, Lou Wagner, and entered a plea of not guilty; that the said money slot machine was received and entered as evidence, and the said defendant was found guilty of unlawfully possessing a money slot machine, to-wit, one ten-cent slot machine, in violation of an ordinance of the City of Portland; and

It further appearing to the satisfaction of the Court and the Court finds that said money slot machine was in the possession of said defendant in violation of an ordinance of the City of Portland; it is hereby

Ordered that the said money slot machine, to-wit, one ten-cent slot machine, is hereby forfeited to the city of Portland, and that the Chief of Police of the said City of Portland shall, within five days from the date hereof, cause the said machines to be destroyed and make true return to this Court of the destruction of said slot machines.

Dated at Portland, Oregon, this 18th day of September, 1933. H. M. Tomlinson, Municipal Judge. A true copy, James R. Bain.''

The plaintiff contends that the ordinance denies him due process of law and is unconstitutional and void. The trial court held in its opinion that it is in excess of the powers of the city council to fine or imprison the possessor of the gambling devices and also order the illegal devices destroyed.

The defendant contends that the machines being gambling devices and contraband, in which the law recognizes no property rights, which neither a court of law nor court of equity may justly protect without violation of both the spirit and letter of the law, plaintiff did not come into equity with clean hands and that the machines should be destroyed for the public welfare.

■ Section 13-2518, Oregon Code 1930, provides as follows:

"When any goods or things are taken on a search warrant, the manufacture, sale, or use of which are prohibited by the laws of this state, the magistrate before whom they are brought must direct the officer to destroy them, which direction the officer must obey, and make return thereof on the warrant."

The municipal judge is ex-officio justice of the peace and if need be was authorized to enforce the statute.

■ Where the condition of the thing is such that it is offensive to the morals of the community and is incapable of being put to any lawful use by the owner, it may be treated as a nuisance *per se*. Actual physical destruction is in such cases not only legitimate but sometimes the only legitimate course to be pursued: Freund, Police Power, § 520.

■ It is characteristic of the methods of the police power that it attacks the evil at a stage previous to its actual appearance. Therefore, it was appropriate for the city council, by ordinance, to prohibit the possession of money slot machines as gambling devices.

In the United States we find prohibited the keeping, for gain or hire, of any apparatus commonly used for any game of chance. Recent statutes have provided in many cases against novel devices for gambling, as, for example, against slot machines upon which money is staked or hazarded. These do not establish any new principle: Freund, Police Power, pp. 175, 176, § 191, subd. (c).

■ The charter of the city of Portland, section 34, expressly authorizes the council:

"(1) To exercise within the limits of the City of Portland all the powers commonly known as the police power, to the same extent as the State of Oregon has or could exercise said powers within said limits. * * *

(3)  To provide for the punishment of a violation of any ordinance of the city by fine or imprisonment not exceeding five hundred dollars fine or six months imprisonment, or both, or by forfeiture as penalty;
\* \* \*

(26)  To prevent and remove nuisances, and to declare what shall constitute the same, and to punish persons committing or suffering nuisances, and to provide the manner of their removal;  \* \* \*

(49) To prevent and suppress gaming and gambling houses, lotteries or places where any game in which chance predominates is played for anything of value, and to punish any person who engages in such game, or keeps or frequents such houses or sets up or promotes lotteries or sells lottery tickets.''

The ordinance was authorized by the charter and passed for the purpose of preventing and suppressing gaming and is an appropriate exercise of the police power.

The money slot machines in question are shown, without dispute, to be gambling devices and suitable for no other practical purpose. The machines, when taken, contained coins, evidently deposited when the machines had been played and the possession of the machines was undoubtedly for gambling purposes. Some of the machines are camouflaged by having an attachment which may be used for vending gum, mints, etc., but the general use is for gambling purposes and the unlawful possession thereof may be punished and the machines forfeited in the regular way: Freund, Police Power, §§ 525, 526.

Under the provisions of the charter and the ordinance, portions of which have been quoted, the officers of the city are authorized to seize money slot machines in the possession of any person in the city of Portland in violation of the ordinance. It will be noticed that the

ordinance provides that when it shall appear to the municipal court that such machines or devices so seized were used or kept within the city of Portland in violation of the ordinance, the municipal court may adjudge forfeiture thereof and shall order the chief of police to destroy the same. The power exercised by the ordinance is authorized by the charter.

It is stated in 27 C. J. 1044, § 258, in substance, as follows: Under statutes authorizing the seizure and destruction of implements used in gambling, a proper judge or justice may, upon an affidavit or complaint, or upon his own information and belief, issue a warrant for the detection and seizure of gaming implements and property being unlawfully used for gaming, and for the arrest of the defendant. Such property or implements may also be seized even without a search warrant, where upon the arrest of an offender the officer making the arrest knows, or has good reason to believe, that it is being used for gambling. Under some statutes if the implements are intended to be used in violation of the law and are of such a character that they can be used for no legitimate purpose, they are subject to summary seizure under the police power of the state.

██ In the present case, however, the city authorities did not proceed in a summary manner. There was a judicial order for the destruction of the property, which was a proceeding *in rem* and notice to the agent or person in possession of the machines for the owner was sufficient notice to the owner. The seizure of the machines and the proceedings culminating in the order for their destruction were sufficient notice to the owner and binding upon him: Freund, Police Power § 526. If A loans a motor car to B to drive to town

and the car is seized by the police, there is a very strong presumption that the owner will soon have knowledge thereof. On attempting to obtain his car from the one whom he has accommodated he would naturally be informed of the proceedings.

It is said that under most statutes gaming apparatus seized or kept and used for gambling should be retained by the police authorities as evidence against the accused, subject to the order of the court or justice trying him. Property so retained is in custodia legis and no action can be maintained for its recovery unless it was improperly seized and retained. Upon the conviction of accused in a proper proceeding the gaming apparatus should be ordered destroyed, if it is such that it is of no value or practical use, except in connection with gambling or if the use to which it is customarily devoted is gambling, even though the actual owner of the property did not consent to or know of the unlawful use; or it should be returned to its proper owner if the alleged defendant is discharged: 27 C. J. 1045, § 259.

It is shown in the cases involved that at the trial in the municipal court at the time the defendants were convicted of the possession of the machines, in violation of the ordinance, the city attorney asked for an order of destruction. It was noted in the docket and allowed. An affidavit of the city attorney set forth that defendant was arrested at a certain time and place by police officers of the city of Portland and he was charged with the possession of a money slot machine in violation of the ordinance; that each defendant appeared for trial and entered his plea; that each defendant was found guilty; that a destruction order was asked for the slot machine; that the court found

that the slot machine seized and introduced in evidence was kept within the city of Portland in violation of this ordinance, and that the slot machine should be forfeited to the city of Portland and should be destroyed by the chief of police. The order to that effect was duly entered.

We read in the annotation to *People v. Marquis,* 8 A. L. R., at page 889 (291 Ill. 121, 125 N. E. 757), as follows:

"Statutes requiring the destruction of intoxicating liquors and their vehicles are usually considered as providing for a proceeding in rem. These statutes as a rule require notice to be given to the keeper or owner, if known, and often provide for posting or publishing notices. Statutes of this character would seem to be valid within the general theory of proceedings in rem, that is, that possession of the res gives jurisdiction, and that the seizure is notice to everybody, including the person in possession, who is in theory the owner or his agent, and that no other notice is required unless provided for by the statute." See State v. Lee, 120 Or. 643, 649 (253 P. 533).

At page 890 of 8 A. L. R., we note that a statute providing for notice to the keeper of the liquors, who is maintaining the place where they are kept as a common nuisance, and for a posting of a copy of the notice in such place, is sufficient, as the proceeding is one *in rem* as to the liquors regardless of whether there has been an arrest or conviction of the person charged with maintaining such place. Citing *State v. McManus,* 65 Kan. 720 (70 P. 700); *Stahl v. Lee,* 71 Kan. 511 (80 P. 983). At page 891 of 8 A. L. R., we find, in *Landers v. Com.,* 126 Va. 780 (101 S. E. 778), the court said: "It must be borne in mind that this is a proceeding in rem, and that personal service of notice is not necessary to its validity. * * *"

In annotations to *State ex rel. v. Kizer,* 81 A. L. R., at page 731 (164 S. C. 383, 162 S. E. 444), we read: "The constitutionality of statutes providing for the destruction of gambling apparatus and devices has, however, with one exception, been uniformly upheld."

By virtue of the express provision of some anti-gambling acts the summary seizure and destruction of gambling tables, instruments or devices is authorized. As to the constitutionality of such statutes, the decisions are not in perfect harmony. If a court finds that slot machines, when they were seized under a search warrant, were being held and used for an unlawful purpose, it may order their destruction. 12 R. C. L. 733, § 34. In the present case it is shown, without dispute, that the possession of the money slot machines in question was held for the purpose of gambling, a violation of the city ordinance.

It is clear that the ordinance in question was passed pursuant to the charter to prevent gaming, in the interests of public morals. It was not essential that the city officers wait until they found the machines in actual motion, or, as it were, to wait until the bird's eggs were hatched and the bird had flown, but it was appropriate for the ordinance to provide that possession of such a gambling device was unlawful and to prohibit the same. It would be idle for the city to prosecute cases like those in question and fine the person in possession of the money slot machines, and then turn the machines over to some person claiming to be the owner and allow them to be again distributed and used as gambling devices.

Plaintiff, in this case, had due notice of the proceedings by the arrest and complaint of his agents or partners, who had the possession of the machines.

He does not show by his complaint that he was an innocent owner of the slot machines, but rather it is clearly shown by the complaint and the testimony that he was aiding and abetting the distribution of the money slot machines in question. He does not come into equity with clean hands and is not entitled, under the allegations of his complaint, to equitable relief: *State ex rel. v. Kizer,* supra; *Durant v. Bennett,* 54 Fed. (2d) 634. Due process of law is not denied by a statute or ordinance providing that a money slot machine seized as illegal may be taken before a magistrate who, if he comes to the conclusion that the machine is a gambling device, may order it to be summarily destroyed: *State ex rel. v. Kizer,* supra; *Durant v. Bennett,* supra; *Garland Novelty Co., v. State,* 71 Ark. 138 (71 S. W. 257); *Kite v. People,* 32 Colo. 5 (74 P. 886). The state or municipality may, without compensation, seize and destroy contraband: *Samuels v. McCurdy,* 267 U. S. 188 (45 S. Ct. 264, 69 L. Ed. 568, 37 A. L. R. 1378). Upon the conviction of the accused, the gaming apparatus should be ordered destroyed, where it has no practical use except for gambling: 27 C. J. 1044, § 258.

In the cases in the municipal court mentioned in the complaint appeals have been taken to the circuit court and a supersedeas bond was filed in each case. Therefore the slot machines, we think, should be retained as evidence upon the trials of those cases, when a retrial is had, and should not be destroyed before those cases are tried.

The defendant submits that these devices are nuisances per se, contraband, and not property, and may be destroyed on sight. It is sufficient to say that the city has not proceeded in this manner but has obtained a judicial order of forfeiture of the several slot ma-

chines, as shown by the answer and testimony in the case. While the proceeding *in rem* which culminated in an order of forfeiture of the slot machines was connected with the prosecution of the person having possession thereof, it is, to a large extent, a separate proceeding, independent of the penalty imposed.

In *Mullen v. Moseley,* 13 Idaho 457 (90 P. 986, 121 Am. St. Rep. 277, 284, 12 L. R. A. (N. S. 394, 13 Ann. Cas. 450), it is said:

"Under the constitution, no man's property may be taken without due process of law, but when he invokes the protection of this constitutional provision, he must show that he is invoking it for the protection of something that is really property and falls within the meaning of that term. He is entitled to his day in court when his property rights are invaded, but this guaranty can scarcely be invoked where he seeks his day in court that he may dispute with the officers of the law the right of possession of instrumentalities, tools and machines contrived and designed as a ready means to be directed against society, and in violation of the laws of the land in the commission of crime. In such case there can be no doubt of the power of the legislature to authorize a summary seizure and destruction of such instrumentalities and devices."

The principles which are applicable are clearly set forth in *Samuels v. McCurdy,* supra, as they relate to illegal possession of liquor. It is therein stated:

"The laws provides for an order of destruction by a court, but it does not provide for notice to the previous possessor of the liquor, and a hearing before the order is made. Under the circumstances, prima facie the liquor existed contrary to law, and it was for the possessor to prove the very narrow exceptions under which he could retain it as lawful. If he desired to try the validity of the seizure, or the existence of the exception by which his possession could be made to ap-

pear legal, he could resort to suit to obtain possession and to enjoin the destruction under the Georgia law, as he has done in this case. This, under the circumstances, it seems to us, constitutes sufficient process of law under the Federal Constitution as respects one in his situation. Lawton v. Steele, 152 U. S. 133, 142, 38 L. ed. 385, 390, 14 Sup. Ct. Rep. 499.''

Our attention is called to 2 McQuillin, Municipal Corporations (2d Ed.) § 749, discussing the power to inflict penalty of forfeiture, a portion of which section reads:

''So an ordinance merely authorizing the arrest and punishment of any person keeping or visiting an establishment for the purpose of gambling does not authorize the seizure and detention of instruments used for gaming.''

The ordinance in question in the case at bar plainly provides for the seizure of any such money slot machines or operating part thereof in the possession of any person in the city of Portland in violation of the ordinance.

In *State v. 1920 Studebaker Touring Car*, 120 Or. 254 (251 P. 701, 50 A. L. R. 81), cited by plaintiff, where it was held that the innocent owner of the car was entitled to a jury trial, Mr. Justice RAND remarked, as shown on page 271:

''If, under the provisions of this act, the property which was made the subject of forfeiture had consisted of intoxicating liquor, gambling devices, or anything which in its nature is injurious to the public welfare, or if the act had required, as a condition of the forfeiture, the conviction of the offending person, the question would be different, * * *.''

■ The plaintiff argues that he has paid taxes on the slot machines and therefore claims they are legal.

Neither the state nor the city has licensed or attempted to license slot machines. The fact that they may be placed upon the assessment roll would not change their legal status.

There has been some change as the country progresses in regard to the use of gambling devices, which perhaps is the reason for the opinions not being harmonious.

It follows that the decree of the circuit court is reversed and the suit dismissed.

BELT and KELLY, JJ., not sitting.