LOTTINGER, Judge.
This is a suit by Houston C. Gascon, Sr., as petitioner, against the State of Louisiana through the Department of Public Safety, General David Wade, the Director of State Police, and Captain Coleman Vi-drine of the State Police, wherein the petitioner seeks damages for the alleged illegal destruction of some 55 slot machines. The Lower Court rendered a judgment in favor of petitioner and against defendants jointly, severally and in solido in the total sum of $16,332.50. The defendants have taken this appeal.
The evidence reflects that on July 20, 1969, the defendants seized and destroyed 55 slot machines which were stored in the garage of petitioner at Addis, Louisiana. The machines were seized pursuant to a search warrant issued by Division A of the Eighteenth Judicial District Court, removed to the State Police headquarters at Baton Rouge and then destroyed pursuant, again to an order of said court.
Since the filing of the suit Mr. Gascon has died and his widow and sole and only heir has been substituted as party plaintiff. Defendants contend that the slot machines which form the subject of this litigation were contraband and under the applicable statutes of the State of Louisiana, subject to seizure and destruction; that the slot machines were being utilized for purposes not provided by law; that the owners possessed federal gambling stamps; the owners had establishments wherein said machines could be used; and that in destroying the machines, they were acting in good faith and could not be held civilly liable for such destruction.
With regard to the contention by the defendants that the slot machines were contraband, they cite Section A of R.S. 15 :31 which provides as follows:
“All officers of the State of Louisiana are hereby authorized and empowered and it is made mandatory and compulsory on their part to confiscate and immediately destroy all gambling devices or machines used for gambling that may come to their attention and that they may find in operation. The ownership *83 of a federal gambling stamp for the machine or device shall be absolute proof of its use for purposes of gambling, except as set forth in Subsection B of this Section, and neither the State of Louisiana nor any subdivision, agency, agent, or enforcement officer shall be liable civilly or criminally for the destruction of any gambling device or gambling machines for which a federal gambling stamp has been issued.”
R.S. 15:26.1, which was a forerunner of R.S. 15 :31, reads:
“ . . .to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention or that they may find in operation.” (Italics supplied)
Thus R.S. 15:31, enacted by Act 361 of 1962, changed the word or to and. Therefore, we feel that it was the clear intent of the Louisiana Legislature to define slot machines as contraband when they are in operation and, under provisions of R.S. 15:31, there is no authority for the destruction of the machines unless they are found to be in operation.
The machines in the present case were not in operation. They were stored in a closed garage at private residence, were dusty, covered with cobwebs and in some cases stripped of vital parts. We feel, therefore, that the Lower Court was clearly correct in holding that the machines were not contraband under the provisions of R.S. 15 :31.
In the motion for the Court order, the items listed in the exhibit attached thereto were alleged to be contraband. This misrepresentation caused the order to issue. To exempt a litigant from liability because he had obtained an ex-party Court order, based on an erroneous allegation of fact or a misinterpretation of law, would amount to the Court’s participation in denying the damaged party the very rights for which the courts exist to protect, that is prohibiting destruction and confiscation of property without due process of law.
There is no evidence in this case that the slot machines seized and destroyed were utilized for purposes not provided by law, nor have the defendants shown that the petitioner possessed federal gambling stamps. At the time of the seizure of the machines, the evidence reflects that the slots were stored in the garage of petitioner, they were covered with dust, cobwebs, and many of them were inoperative.
Three expert witnesses testified relative to the value of the slot machines. One of these said he had not bought or sold a machine since 1964, although he had actively engaged in purchase, sale and repair of the machines prior to that time. A second witness testified that he had actively engaged in the purchase, sale and repair of slot machines in Louisiana until 1964, and that he had purchased and sold some for private use to collectors since that time. The third witness testified that he was an antique dealer who purchased, repaired and sold slot machines to collectors. The values placed on the machines by the first two, who testified for plaintiff, were considerably higher than the valuations estimated by the defendant’s witness.
The Trial Judge averaged the values of all three witnesses in arriving at his conclusion of total award of $16,332.50, and assumed that all of the machines were in average condition. In view of the fact that all of the machines were destroyed before any of the experts could examine them, we find no manifest error in his conclusion. We note that the evidence preponderates to the effect that there is a ready market in Louisiana for the sale of slot machines to collectors.
For the above and foregoing reasons, the judgment appealed from will be affirmed at defendants’ costs for all that the law will allow.
Judgment affirmed.