GULOTTA, Judge,
dissenting.
I dissent.
I agree with the State’s contention that a slot machine is a “gambling device” as defined in Section B. of the applicable statute; and, that the State Police are mandated to seize and destroy these machines although not in “use” or “used for gambling” at the time of seizure.
LSA-R.S. 15:31(A) empowers and mandates the State Police to “immediately destroy all gambling devices or machines used for gambling that come to their attention.” LSA-R.S. 15:31(B) defines the term “gambling device" as either a “slot machine” or a machine “with a cash automatic payout device” or “a pinball or other ball machine, mechanical or electronic device” with mechanisms to release and record free games or free plays. No provision for a hearing prior to destruction of the machines is required in these two sections. LSA-R.S. 15:31(C) however, provides that “any other machine, mechanical or electronic device designed and manufactured primarily for use in connection with gambling” can only be destroyed pursuant to a court order “following the conviction of any person for the crime of gambling by use of any such machine or device.” Similarly, LSA-R.S. 15:31(D) provides for post-conviction destruction pursuant to a court order of “any machine or other mechanical or electronic device of any kind whatsoever, not designed and manufactured primarily for use in connection with gambling.”
Reading these sections in pari materia, I conclude that the Legislature contemplated a distinction between “gambling devices” and “machines used for gambling”. The category of “gambling devices” defined in Section B. consists of machines which can only be used for the unlawful purpose of gambling. Slot machines are specifically included in this category. On the other hand, the category of “machines used for gambling” consists of any other machines, not exclusively illegal, that can be used, “primarily” or otherwise, for gambling purposes. The statutory provisions defining and differentiating the two types of devices lead to a conclusion that the Legislature did not intend to provide for a hearing prior to destruction of such devices which can only be used for illegal purposes (in this case, slot machines). I find further manifestation of this Legislative intent in Act 130 of 1972, amending LSA-R.S. 15:31, which provides in its title as follows:
“. . . to define the term ‘gambling device’ and to provide for confiscation and destruction of such devices; to provide for the destruction of machines and devices not primarily designed for gambling after conviction of any person for the crime of gambling by use of such machine or device. . . . ” (emphasis supplied)
The machines seized in the instant case were housed in the owner’s garage and dwelling; and the State admits that the devices were not in actual operation at the time of seizure. Accordingly, the owner argues that the machines were not susceptible to seizure and destruction because the phrase “used for gambling” in the statute modifies the phrase “gambling devices or machines” and, therefore, the statute requires that the devices be actually in use for gambling purposes in order to be destroyed. I disagree. I interpret the phrase “used for gambling” to modify the word “machines” immediately before it and not, as contended by Madere, the phrase “gambling devices or machines”.
In support of his argument that the machines must be in operation at the time of seizure, Madere relies on Gascon v. State, Department of Public Safety, 263 So.2d 81 (La.App. 1st Cir. 1972). The decision in Gascon, however, was based on Act 311 of 1966, as incorporated in LSA-R.S. 15:31, which provided for the seizure and destruction by the State Police of “all gambling devices or machines used for gambling that may come to their attention and that they may find in operation ” (emphasis supplied). The court, in Gascon, concluded that machines covered with cobwebs were not “in operation” as required by the statute as a *33 prerequisite to destruction and could not be seized.
In Act 130 of 1972, however, the Legislature amended LSA-R.S. 15:31 by deleting the phrase “and that they may find in operation” [1] and added the provisions differentiating “gambling devices” from “machines used for gambling”. In view of this statutory change, Gascon is no longer authority in support of Madere’s claim. I conclude that LSA-R.S. 15:31 provides for destruction of the slot machines seized under the circumstances of this case, though they were not in use. Accordingly, under the statute the machines can be summarily destroyed by the police without the necessity of obtaining a court order authorizing destruction.
However, a more serious question is whether the statute violates the due process clauses of the U.S. and State Constitutions[2] because of the failure to provide a hearing prior to destruction of the gambling devices.
In State v. Ricks, 215 La. 602, 41 So.2d 232, 234 (1949), the Louisiana Supreme Court was confronted with a due process attack on the constitutionality of Act 231 of 1928 which authorized and mandated police officers “to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation”. Act 231 of 1928 contained no provisions for notice or hearing. In upholding the constitutionality of the statute, the court noted that slot machines are “contraband” and, therefore, “proper subjects for summary confiscation and destruction under the police power of the state”. Because contraband is property which is not susceptible to ownership, the court concluded that the possessor of it has no due process rights in it. Citing Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894); Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568 (1925) and Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887), the court reiterated the principle that a state under its police power has the right to summarily destroy nuisances and other things obnoxious to the public good. Applying this doctrine to slot machines, the court said:
* * * Suffice it to say that the legislative intent is clear that gambling devices of that character [slot machines] are outlawed as contraband and their summary confiscation is ordered as an effective means of carrying out the mandate of the Constitution for the suppression of gambling.
“In addition, it is plain that the Legislature, in the exercise of its police power, had the right to declare that gambling slot machines should be confiscated. * *
“And the fact that destruction of the slot machine is ordered without notice or hearing does not render the statute unconstitutional as depriving any claimant thereto of due process — as he cannot have or acquire property rights in the condemned article.”
I subscribe to the holding in Ricks. The subsequent amendments to the statute, including Act 130 of 1972, have not lessened the authority of the Ricks case. Accordingly, I would conclude that the statute’s provision for the summary destruction of slot machines does not violate the due process provision of the Federal and State Constitutions.
I further find no merit to the owner’s contention that summary destruction of the seized machines will deprive him of his “day in court”. In the rare instance that properties seized were not slot machines, the owner would still have the opportunity to bring a suit against the individual police officers and the Department of Public Safety for *34 damages resulting from their wrongful seizure. As the court stated in Ricks:
“ * * * In the first place, there cannot be any mistake about the type of device declared contraband by the statute and it is not to be presumed that any officer would seize and destroy anything other than the gambling slot machines condemned by the Legislature. But, should he do so, his act would not render the statute unconstitutional. In such case the offending officer would be amenable to prosecution for violation of the criminal statutes of the State respecting offenses against property * * * and would also be civilly liable for his unlawful act.”
The Louisiana Legislature has seen fit to condemn gambling as a vice and LSA-R.S. 15:31 as amended by Act 130 of 1972 has been passed as a means to suppress that vice. Slot machines, according to this statute, are to be summarily destroyed. The authority rests within the police power of the State. La.Const. Art. 1, Sec. 4. See Vaughan v. Dowling, 243 La. 390, 144 So.2d 371, 376 (1962).
Accordingly, I would reverse the judgment of the trial court and would render judgment in favor of the State of Louisiana, declaring that LSA-R.S. 15:31 empowers and mandates the proper authority to confiscate and immediately destroy, without a hearing, slot machines.

. See Schimpf v. Thomas, 204 La. 541, 15 So.2d 880 (1943), where the provision of the slot machine statute (Act 231 of 1928) was substantially similar to the pertinent provision Of Act 130 of 1972. The court held that the machines could be confiscated whether they were in operation or not.

. U.S.Const., XIV Amendment, Sec. 1; La. Const, of 1974, Art. 1, Sec. 2.