LAND, J.
The information in this case charges that the defendant “did willfully and unlawfully have in his possession for sale intoxicating liquors without being the holder of a legal permit therefor from proper federal authorities.”
Defendant was tried and convicted under this charge, and sentenced to pay a fine of $500, and to be imprisoned in the parish jail for a period of 60 days, and, in default of payment of fine, to be imprisoned in said jail for a further period of 10 months. He has appealed from the sentence against him, and relies for reversal upon the refusal of the trial judge to grant him a continuance, and also upon his refusal to sustain a motion to quash the indictment, and a motion in arrest of judgment.
The motion for continuance is based upon the ground that defendant’s counsel was allowed but one day in which to prepare for an attack upon the constitutionality of Act 39 of 1921, known as the Hood Act, alleging that said act is a new piece of legislation which has not been interpreted by the Supreme Court, and that the constitutionality of said act has been attacked on various grounds, and is pending decision in the Su *659 preme Court of the state. Defendant had filed a motion to quash the information, prior to his application for continuance, and on the same day, alleging that said act is unconstitutional, in that it embraces more than one object; in that said act deprives a person of his property without due process of law; in that said act levies a fine, or imprisonment, that is excessive; in that the body of said act is broader than its title, and in that said act defines the term “liquor” by reference to federal legislation. In overruling the application for continuance the judge a quo states in his per curiam to the bill of exceptions that, in the opinion of the court, the application was made for delay ■only, that the witnesses were all in the town of Covington, that the defendant did not call a single witness, and did not testify himself, and that the fact that there were other cases pending in this court in which the constitutionality of the Hood Act had been assailed did not constitute a good ground for the delay requested by defendant.
In view of the fact that we subsequently held the Hood Act constitutional, defendant was not prejudiced by the short delay granted to his counsel for preparation in his attack upon the constitutionality of this statute. The reasons assigned by the judge show that the defendant was not deprived of the benefit of the attendance of his witnesses; in fact, he requested no delay because of their absence. The accused was therefore not prejudiced by the ruling of the court.
The contention that the title of the Hood Act embraces more than one object, and that the body of the act in question is broader than its title was decided adversely to the accused in the case of State v. Coco, 152 La. 241, 92 South. 883.
The information charges the defendant with possession of intoxicating liquor for sale. The defendant failed to ask for a bill of particulars, giving the name and alcoholic contents of the liquor in question, so as to properly present to us for decision the constitutionality, of that portion of the Hood Act relating to alcoholic liquor as defined by reference to the federal legislation. This was necessary, as was decided in the Coco Case cited above, and in other cases.
 The fine and imprisonment, for the first offense, denounced by the Hood Act, are 1 less severe than the penalty contained in the former liquor statutes of the state, and do not appear to us to be excessive. The Legislature, in the exercise of its police power, must necessarily determine primarily 'the penalty it will prescribe for violations of criminal statutes, and, unless the lawmaking body should impose in a particular case a fine manifestly out of all proportion to the gravity of the offense, we would not feel called' upon to declare a penal statute unconstitutional. In this connection it may be well to observe that it has been the universal experience of trial courts that violations of the liquor laws cannot be successfully diminished by the mere imposition of fines, but that jail sentences in addition to fines are necessary, to accomplish this end. It is to be presumed that the members of the General Assembly were acquainted with the frequency and flagrancy of the violations of the liquor laws in this state at the date of the passage of the 1-Iood Act, and that the penalties therein denounced were deemed by that body necessary to enforce respect for and obedience to that statute.
The contention of the defendant that the Hood Act is unconstitutional, in that said act deprives a person of his property without due process of law, is not well founded, as a state may in the proper exercise of its police power, authorize the destruction of such property as has become a public nuisance, or has an unlawful exist *661 enee or is obnoxious to the public health, public morals, or public safety, without compensation and without judicial inquiry, notwithstanding that prohibition in section 1, art. 14, of the Amendments to the Constitution of the United States. Fischer v. St. Louis, 194 U. S. 361, 24 Sup. Ct. 673, 48 L. Ed. 1018; City of New Orleans v. Charouleau, 121 La. 890, 46 South. 911, 18 L. R. A. (N. S.) 368, 126 Am. St. Rep. 332, 15 Ann. Cas. 46; Houston v. State, 98 Wis. 481, 74 N. W. 111, 42 L. R. A. 39.
A statute which prohibits the manufacture and sale of intoxicating liquors is valid, and the destruction, in the exercise of the police power of the state, of property used, in violation of law, in maintaining a public nuisance, is not a taking of property for public use, and does not deprive the owner of it without due process of law. Such person is a violator of the law, and not an innocent owner, who is protected in his rights by the Constitution of the United States.
The power which the states have of prohibiting such use by individuals of their property as will be prejudicial to the health, the morals, or the safety of the public is not, and consistently with the exercise and safety of organized society cannot be, burdened with the condition that the state must compensate such individual owners for pecuniary losses they may sustain, by reason of their not being permitted by a noxious use of their property to inflict injury upon the community.
Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205.
The provision, therefore, in section 5 of the Hood Act that “the court, after the trial of the accused, shall order all liquors and property illegally held by the accused at the time of the seizure to be immediately and publicly destroyed, by the sheriff or peace officer designated by the court,” is a legitimate exercise of the police power of the state, and therefore not in contravention of the Fourtenth Amendment to the federal Constitution.
As the motion in arrest of judgment in this case is leveled at the constitutionality of the Hood Act in general terms, it may be deemed a repetition of the grounds urged in the motion ' to quash, and presents nothing additional for us to review. These motions were properly overruled by the trial judge.
For the reasons assigned, the judgment appealed from is affirmed.