McCALEB, Justice.
 

 Appellants were charged, tried and found guilty of the crime of gambling as defined by Article 90 of the Criminal Code “in that each did unlawfully and intentionally conduct and directly assist in the conducting, as a 'business, at Number 2223 Tulane Avenue (New Orleans), of a game, contest, lottery and contrivance by having and permitting in said premises the operation, use and playing of a mechanical device known as
 
 &
 
 slot machine whereby a person risked the loss of a thing of value in order to realize a profit * * * No bills of exception were reserved during the hearing but, after the verdict, appellants filed a motion for a new trial in which they contended that the State had failed to submit any evidence to sustain the charge. Upon the overruling of this motion, a bill of exceptions was reserved and all of the evidence taken at the trial was annexed to the bill. Subsequent to the trial, the State moved for the destruction of a slot machine which had been seized at the time of the arrest of one of the appellants. This was alignment opposed by appellants. After a hearing, the motion was granted and the Criminal Sheriff ordered to destroy the machine under the provisions of Act No. 231 of 1928. Following imposition of appealable sentences, appellants sought relief here.
 

 
 *605
 
 On the motion for a new trial, it is maintained that there is no proof whatever to support appellants’ conviction. A review of the record has demonstrated that this contention is devoid of substance. The evidence adduced by the State reveals that appellant, Wolfe, kept on display in his place of business a slot machine of the common type and dimensions, containing cylinders picturing cherries, bells, oranges and other symbols and also indicating certain winning combinations. A State witness testified that, after placing six five cent pieces in the machine, the cylinders, on stoppage, exhibited two cherries and a bell; that he directed this fact to the attention of Wolfe and that the latter gave him five pieces of peppermint candy which he took from under his counter. This evidence alone authorized a conviction.
 

 As to appellant, Ricks, it is shown that he is the owner of the machine and that he placed it in Wolfe’s establishment with the understanding that he would collect 50% of the money- deposited therein by players. His absence at the time of the commission of the offense is unimportant in view of Article 24 of the Criminal Code which treats aiders and abettors as principals. In this Court, we are concerned only with whether there is any evidence at all to sustain the conviction; it is not within our province to inquire into the sufficiency of the proof. State v. Martinez, 201 La. 949, 10 So.2d 712 and cases there cited.
 

 Appellants challenge the right of the Judge to order the destruction of the slot machine under Act No. 231 of 1928. Their attack is based on -two grounds (1) that the machine “is not of such a character as to be included in the intent of Act No. 231 of 1928 * * * ” and (2) that the statute is unconstitutional in that it deprives a person of his property without due process of law in violation of Article I, Section 2, of the Louisiana Constitution and the Fifth and Fourteenth Amendments of the Constitution of the United States.
 

 The first point that the slot machine is not of the type described by Act No. 231 of 1928 is predicated upon the notion that, because the machine is mechanically arranged so that it does not automatically eject the prizes that may be won by the player, it is not per se a gambling device.
 

 The argument cannot be sustained. The evidence shows that the machine was used for gambling; that it has all of -the characteristics of a slot machine, other than the automatic ejection of money or tokens redeemable in money or property, or rather, it has been so fixed that it cannot pay off automatically (but it may be converted into an automatic pay-off machine within a short space of time by a qualified mechanic). The statute has for its purpose the immediate confiscation of “all gambling devices known as slot machines * * * ”. It is difficult to discern that the plugging of the automatic pay off has -the magical
 
 *607
 
 effect of placing the machine beyond the pale of the law.
 

 This leaves for consideration the question of the validity of Act No. 231 of 1928, which appellants say effectively takes property without due process of law by making it the mandatory duty of all State Officers “to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation”.
 
 [1]
 
 It is, of course, obvious that appellants have had due process of law in this case as the destruction of the machine was not ordered until after a full hearing and determination of the Court that it was a gambling device. However, since appellants are adversely affected by the statute, they are entitled to challenge its validity as they claim that it is wholly unconstitutional. Mongogna v. O’Dwyer, 204 La. 1030, 16 So.2d 829, 152 A.L.R. 162; State v. Baggott, 212 La. 795, 801, 33 So.2d 523 and Cornman v. Conway, 178 La. 357, 151 So. 620.
 

 Primarily, it is to be noted that the statute neither provides for nor envisions any notice or hearing but orders the summary destruction of “all gambling devices known as slot machines” by all State Officers. Accordingly, if gambling slot machines are property susceptible of ownership, the statute unquestionably is violative of the constitutional guarantee of due process. Finance Sec. Co. v. Conway, 176 La. 456, 146 So. 22 and Cornman v. Conway, supra. But if they are things obnoxious to the public health or safety or to the public morals, they are contraband and proper subjects for summary confiscation and destruction under the police power of the State. 16 C.J.S. Verbum “Constitutional Law” Section 645; Steiner v. City of New Orleans, 173 La. 275, 136 So. 596; State v. Jackson, 152 La. 656, 94 So. 150; Enloe v. Lawson, 146 Or. 621, 31 P.2d 171; Clark v. Holden, 191 Miss. 7, 2 So.2d 570; J. B. Mullen & Co. v. Mosely, 13 Idaho 457, 90 P. 986, 12 L.R.A., N.S., 394, 121 Am.St.Rep. 277, 13 Ann.Cas. 450; Durant v. Bennett, D.C., 54 F.2d 634; State ex rel. Daniel v. Kizer, 164 S.C. 383, 162 S.E. 444, 81 A.L.R. 722; Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 and Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568, 37 L.R.A. 1378.
 

 Section 8 of Article XIX of our Constitution declares that gambling is a vice and commands the Legislature to pass laws to suppress it. It would be superfluous here to engage in a dissertation on the reasons prompting the Legislature to provide, by Act No. 231 of 1928, for the summary confiscation of gambling slot machines.
 
 [2]
 
 Suffice it to say that the legislative intent
 
 *609
 
 is clear that gambling devices of that character are outlawed as contraband and their summary confiscation is ordered as an effective means of carrying out the mandate of the Constitution for the suppression of gambling.
 

 In addition, it is plain that the Legislature, in the exercise of its police power, had the right to declare that gambling slot machines should be confiscated. Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205. In State v. Jackson, supra, this court, in recognition of this power, said [152 La. 656, 94 So. 152]: “The contention of the defendant that the Hood Act (State prohibition law) is unconstitutional, in that said act deprives a person of his property without due process of law, is not well founded, as a state may in the proper exercise of its police power, authorize the destruction of such property
 
 as has become a public nuisance, or has an unlawful existence or is obnoxious to
 
 the public health,
 
 public morals,
 
 or public safety,
 
 without compensation and without judicial inquiry,
 
 not withstanding that prohibition in section 1, art. 14, of the Amendments to the Constitution of the United States. Fischer v. St. Louis, 194 U.S. 361, 24 S.Ct. 673, 48 L.Ed. 1018; City of New Orleans v. Charouleau, 121 La. 890, 46 So. 911, 18 L.R.A., N.S., 368, 126 Am.St.Rep. 332, 18 Ann.Cas. 46; Houston v. State, 98 Wis. 481, 74 N.W. 111, 42 L.R.A. 39.” (Italics and words in parenthesis ours.)
 

 And the fact that destruction of the slot machine is ordered without notice or hearing does not render the statute unconstitutional as depriving any claimant thereto of due process — as he cannot have or acquire property rights in the condemned article.
 

 In Lawton v. Steele, supra, the Supreme Court of the United States was asked to consider whether a statute of the State of New York, providing that all nets and other devices for taking or capturing fish which are found or maintained in or upon any of the waters of the State, in violation
 
 *611
 
 of a statute enacted for the protection of fish, are hereby declared to be [152 N.S. 133, 14 S.Ct. 500] “a public nuisance, and may be abated and summarily destroyed by any person, and it shall be the duty of each and every * * * game constable to seize and remove and forthwith destroy the same”, was violative of the Fourteenth Amendment in that it ordered the confiscation of the property without a hearing. It was there argued that: “ * * * the nets are not in themselves a nuisance, but are perfectly, lawful acts of manufacture, and are ordinarily used for a lawful purpose.”
 

 But the Court said: “This is, however, by no means a conclusive answer. Many articles — such, for instance, as cards, dice, .and other articles used for gambling purposes — are perfectly harmless in themselves, but may become nuisances by being put to an illegal use, and in such cases fall within the ban of the law, and may be summarily destroyed.”
 

 The Court further held that: “ * * * the summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the constitution, and it has never been supposed that the constitutional provision in question in this case was intended to interfere with the established principles in that regard.”
 

 Again, in Samuels v. McCurdy, supra, the Supreme Court had before it the constitutionality of a statute of Georgia authorizing the destruction of intoxicating liquor’ which had been purchased prior to the enactment of prohibition and which was kept in the home for personal uses. n The law provided for an order of destruction by a Court but did not provide for notice or a hearing prior thereto. In upholding the validity of the Statute, the Court said [267 U.S. 188, 45'S.Ct. 267]: “If he desired to try the validity of the seizure or the existence of the exception by which his possession could be made to appear legal, he could resort to suit to obtain possession and to enjoin the destruction under the Georgia law, as he has done in this case. This under the circumstances, it seems to us, constitutes sufficient process of law under the Federal Constitution as respects one in his situation. Lawton v. Steele, 152 U.S. 133, 142, 14 S.Ct. 499, 38 L.Ed. 385, [390],
 

 It has been suggested that, since Act No. 231 of 1928 orders the enforcement officers to destroy gambling slot machines on sight, the owner of a slot machine not fitted or intended for gambling purposes would be remediless if his property should be seized and destroyed by an overzealous officer.
 

 The answers to this suggestion are manifold. In the first place, there cannot be any mistake about the type of device declared contraband by the statute and it is not to be presumed that any officer would
 
 *613
 
 seize and destroy anything other than the gambling slot machines condemned by the Legislature. But, should he do so, his act would not render the statute unconstitutional. In such case the offending officer would be amenable to prosecution for violation of the criminal statutes of the State respecting offenses against property, Articles 56, 59 and 67 of the Criminal Code, and would also be civilly liable for his unlawful act. In Lawton v. Steele, supra, the Court said: “Nor is a person whose property is seized under the Act in question without his legal remedy. If, in fact, his property has been used in violation of the act, he has no just reason to complain; if not, he may replevy his nets from the officer seizing them, or, if they have been destroyed, may have his action for their value.”
 

 We hold that Act No. 231 of 1928 is constitutional. Conformably, the trial judge was correct in ordering the destruction of appellants’ slot machine.
 

 The conviction and sentence of appellants and the judgment ordering the Criminal Sheriff to destroy the slot machine are affirmed.
 

 FOURNET, HAMITER and MOISE, JJ., concur in the decree.
 

 O’NIELL, C. J., does not take part.
 

 [1]
 

 The statute has been construed to embrace the destruction of all gambling slot machines, whether they are found to be in operation or not. Schimpf ,v. Thomas, 204 La. 541, 15 So.2d 880, 882.
 

 [2]
 

 A gambling slot machine or “a one armed bandit”, as it is sometimes re
 
 *609
 
 ferred to in the vernacular of the street, is a device well known to the public and which the police officers can hardly mistake. The machine in the case at bar fits the ordinary description. For years, manufacturers of the devices have, in attempts to evade summary confiscation statutes, engaged in numerous types of camouflage to remove them from the category of contraband. Various methods of deception, such as the ejection of gum from the pay-off slot, have been employed to conceal the true character of the machines and the injunctive processes of the Federal courts have, in most cases, been unsuccessfully resorted to in order to protect claimed property rights from being invaded by police officers. White v. Hesse, 60 App.D.O, 106, 48 F.2d 1018; Chambers v. Bachtel, 5 Cir., 55 F.2d 851; Boynton v. Ellis, 10 Cir., 57 F.2d 665 and O. D. Jennings & Co. v. Maestri, D.C., 22 F.Supp. 980, Aff’d. 5 Cir., 97 F.2d 679.