HAMITER, Justice
(dissenting).
Section' 8 of' Article XIX of our Constitution declares gambling to be a vice and directs the Legislature to pass laws to suppress it. In keeping with this mandate the Legislature enacted Article 90 of ‘the Louisiana Criminal Code which denounces and penalizes gambling in its numerous forms. Also, it adopted Act 231 of 1928, Section 1 of which recites:
“Section 1. Be it enacted by the Legislature of Louisiana, That all officers of the State of Louisiana are hereby authorized and empowered, and it is made mandatory and compulsory on their part, to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation.”
The latter enactment, presently in full force and effect, was considered in State v. Ricks, 215 La. 602, 41 So.2d 232, 233, and there held to be constitutional.
The statute involved in this proceeding, the constitutionality of part of which is challenged, was passed in 1948. Subsection (d) of Section 1 thereof imposes an annual license tax of $100 on each slot machine and states that the imposition shall not be held to legalize the operation of any such machine. Subsection (h) of that section makes provision, among other things, for the forfeiture and the sale (by the Sheriff at public auction) of any such machine if the license tax levied is not paid by the person operating it.
In passing upon the constitutionality of these statutory provisions the issue of the *999 right of a state generally to tax an illegal business, to which the greater portion of the majority opinion is devoted, is not particularly serious. The jurisdrudence throughout the nation is practically uniform to the effect that such a right obtains.
The crucial issue here relates to the practical, natural and reasonable effect of the assailed legislation. “The general rule is that in whatever language a statute may be framed, its purpose and its constitutional validity must be determined by its natural and reasonable effect. * * * Nor is it necessary to impute bad motives to the Legislature in order to render a statute unconstitutional, it being its effect, not the motive, causing the enactment which will determine the question of constitutionality. * * *” 11 American Jurisprudence verbo Constitutional Law, Section 101.
Of paramount importance, hence, is the question of whether the legislation under consideration tends to encourage rather than to suppress gambling. If it has that effect, undoubtedly it is violative of the Constitution.
This important question, I think, can be answered only in the affirmative. To me it is inconceivable that one Department of our State Government (Revenue) can collect the imposed annual license tax of $100 on a slot machine, issuing to the operator thereof at the time a certificate reciting that, he “ * * * has paid the fee required, as evidenced by this certificate, for the operation of one coin operated device * * * ” ; and that thereafter another Department (Police) can, in good conscience, and will suppress the operation of such licensed machine by confiscating and destroying it, pursuant to the mandatory provisions of Act 231 of 1928, and by arresting the operator for violating Article 90 of the Louisiana Criminal Code, the general gambling law. A further obvious inconsistency is for a sheriff to sell a slot machine at public auction (for which service he receives a fee) when sheriffs, as officers of the State of Louisiana, are charged with the duty “to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation.” To be noticed also is the fact that the annual license tax imposed on each machine ($100) is relatively small (as compared with the reputed intake of such a device) and it, therefore, cannot and does not serve as a penalty or a deterrent so as to suppress the operation of the machine.
With the possible exception of Casmus v. Lee, 236 Ala. 396, 183 So. 185, 118 A.L.R. 822, the numerous cases cited in the majority opinion do not militate against the view which I entertain. They stand for the general proposition (which I concede to be correct) that the sovereign has the right to tax illegal businesses. None (except as noted)' involves, as a careful reading of each opinion will disclose, a constitutional *1001 mandate to suppress such a business, to•gether with a statute imposing a nominal . ... license tax, similar to that herein considered.
I respectfully dissent.