BOUTALL, Judge.
Certain officers of the Louisiana State Police obtained a search warrant for the house and garage of Joseph G. Madere and in execution of the warrant seized 62 slot machines and parts belonging to Madere. The articles seized were stored and application was made to the 29th Judicial District Court, Parish of St. John the Baptist, whence the warrant issued, for a declaratory judgment[1] to ascertain whether the machines could be immediately destroyed by the State Police without a court order under the provisions of LSA-R.S. 15:31.[2] The *30 trial court held that there must be a determination whether or not the machines were being used for illegal gambling within a reasonable time of the seizure and found as a fact that the seized property was taken from Madere’s garage where it had been in storage for several years. The State’s motion for declaratory judgment was dismissed. The State has appealed.
We agree with the facts found herein that the machines were not “used for gambling”, and, as a result they are not subject to confiscation and immediate destruction under LSA-R.S. 15:31.
There is no basic dispute here as to the facts. According to Madere, the machines were stored for 10 years or more, were covered with dust and cobwebs, were in many cases inoperable and were not being used. The State concedes that the machines were in storage and not being used for gambling, but asserts some were being repaired by Madere. No criminal charges have been filed against Madere.
The issue here is the application of the law set out in LSA-R.S. 15:31 as amended by Act 130 of 1972, particularly the interpretation of that portion of Subsection A which mandates law enforcement officers to confiscate and immediately destroy “all gambling devices or machines used for gambling”. The State contends that the phrase “used for gambling” modifies only the word “machines”, and reasons that gambling devices are not required to be used for gambling. Madere contends that the phrase “used for gambling” modifies both words “devices or machines” and hence his non-used slot machines are not subject to destruction.
In the interpretation of statutory law we are governed by certain basic rules provided by the legislature itself. Where the language is clear and unambiguous, a statute must be held to mean what it plainly expresses in accordance with its context. The court cannot give its language a different interpretation from that which the words used clearly import. R.S. 1:3, L.C.C.Art. 14. We cannot disregard the letter of a law under the pretext of pursuing its spirit. R.S. 1:4, L.C.C.Art. 13.
An examination of LSA-R.S. 15:31 as presently enacted reveals that the words *31 “machines and devices” are used interchangeably and as synonyms, and that the phrase “used for gambling” modifies both. This is not only the plain interpretation of the statute but is the only one clear and free from ambiguity. The statute clearly provides for three classes of devices or machines and the procedure governing each class. The first is set out in subsections A & B: those devices or machines (slot machine, etc.) described in B are to be immediately destroyed: § A when used for gambling. The second is subsection C: those devices or machines designed primarily for use in connection with gambling, when used in gambling are to be immediately destroyed after conviction of any person for the crime of gambling by their use. The third is subsection D: those devices or machines not designed primarily for use in connection with gambling, when used in gambling are to be immediately destroyed after conviction of any person for the crime of gambling by their use.
In each class, it is the use of the device for gambling which creates its illegal status and causes its subsequent destruction. The separation into three classes is consistent with the nature of the device and the conditions of its destruction. The first class includes by definition those devices which by their construction automatically arrange a pay-off or provide for a return of winnings, and when used for gambling the device itself completes the illegal act. The second and third classes require the activity of some person to complete the illegal act of gambling, but differ in their intended primary use.
To maintain the suggested statutory construction or interpretation proposed by the State not only destroys the consistency and clarity of the statute, but it creates ambiguity and an insoluble dilemma. Subsection A provides for mandatory destruction. It cannot be said to provide this destruction only for gambling devices because the plain wording also provides for immediate destruction of “machines used for gambling”. Yet subsections C and D would prohibit immediate destruction and require criminal conviction. Such a direct conflict places law enforcement officials in the position of having to choose one of two opposite courses of action. Arguably, this conflict is solved by simply reading those words “machines used for gambling” right out of the statute and ignoring them. It is not reasonable to conclude that the legislature intended these words to be meaningless.
Both parties have referred us to the prior statutory and jurisprudential authorities considered pertinent for aid in interpretation of the statute. Appellant relies strongly on .the prior legislative history of R.S. 15:31, and appellee equally as strongly on Gascon v. State, 263 So.2d 81 (La.App. 1st Cir. 1972). Suffice it to say that the change in R.S. 15:31 from its composition under Act 311 of 1966 to its present composition under Act 130 of 1972 was more than a simple deletion of the phrase “and that they may find in operation”. The change was a broad revision of the entire prior law, setting up an entirely new system, which we must consider on its own. The legislative history of a statute is only pertinent where there is ambiguity or uncertainty in the meaning of the present statute. For similar reasons, the case of Gascon v. State is not controlling here. It interpreted a greatly different statute.
In summation, we find LSA-R.S. 15:31 should be interpreted under its clear definition of three classes of machines or devices which are used for gambling as outlined above. The facts in this case show no use for gambling and we hold that these machines or devices are not subject to mandatory immediate destruction.
Based on this finding, and in consideration of the procedural posture of this case, there is no basis to consider the constitutional question of due process. The police in this case did obtain a warrant from the court and did provoke a court hearing.
For the reasons assigned above, the judgment of the trial court is affirmed.

AFFIRMED.

. The companion suit is by Madere against the State for damages. It was agreed that this suit should remain dormant until the declaratory judgment suit should be decided.

. The pertinent provisions of LSA-R.S. 15:31 are as follows:
“31. Confiscation and destruction of gambling devices
“A. All law enforcement officers of municipal forces, sheriffs’ departments and the division of *30 state police are hereby authorized and empowered and it is made mandatory and compulsory on their part to confiscate and immediately destroy all gambling devices or machines used for gambling that come to their attention.
“B. As used in this section the term ‘gambling device’ means: (1) any slot machine; or (2) any machine, mechanical or electronic device of any sort whatsoever with a cash automatic payout device; or (3) a pinball or other ball machine, mechanical or electronic device equipped with a mechanism to release the number of free games or replays and a mechanism to record the free games or free plays so released.
“C. Whenever any other machine, mechanical or electronic device, including but not limited to roulette wheels and similar devices, designed and manufactured primarily for use in connection with gambling, and (1) which, when operated, may deliver, as the result of the application of an element of chance, any money or property, or (2) by the operation of which a person may become entitled to receive, as the result of the application of an element of chance, any money or property, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the parish wherein the machine or device was used for gambling.
“D. Whenever any machine or other mechanical or electronic device of any kind whatsoever, not designed and manufactured primarily for use in connection with gambling, including specifically but not limited to coin-operated bowling games, shuffle alleys, mechanical baseball games, pinball games, mechanical guns, electronic ray guns, digger type machines, iron claws, and all similar types of coin-operated games, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the parish wherein the machine or device was used for gambling.”