COLE, Judge.
This appeal puts at issue the constitutionality of La.R.S. 15:31 as it relates to the summary seizure and destruction of slot machines.
Pat Brown, Jr. filed suit to enjoin the State of Louisiana through the Department of Public Safety, Division of Louisiana State Police Department, from destroying an antique slot machine seized by defendant from Brown’s place of business. Brown also sought return of the seized machine. The trial court held for Brown. Defendant appeals.
The case was tried on a written stipulation of facts, which set forth the following: the slot machine in question was seized from the women’s restroom of Pat Brown’s Claim Service; the machine seized was an operable, one-cent antique slot machine in the possession of Pat Brown, Jr.; the coin box on the machine did not have a lock; the slot machine was not used for gambling purposes; no criminal charges were brought against Brown arising out of his possession of the slot machine.
La.R.S. 15:31, the statute under which the seizure was made, reads as follows:
A. All law enforcement officers of municipal police forces, sheriffs’ departments and the division of state police are hereby authorized and empowered and it is made mandatory and compulsory on their part to confiscate and immediately destroy all gambling devices or machines used for gambling that come to their attention.
B. As used in this section the term “gambling device” means:
(1) any slot machine; or (2) any machine, mechanical or electronic device of any sort whatsoever with a cash automatic payout device; or (3) a pinball or other ball machine, mechanical or electronic device equipped with a mechanism to release the number of free games or replays and a mechanism to record the free games or free plays so released.
C. Whenever any other machine, mechanical or electronic device, including but not limited to roulette wheels and similar devices, designed and manufactured primarily for use in connection with gambling, and (1) which, when operated, may deliver, as the result of the application of an element of chance, any money or property, or (2) by the operation of which a person may become entitled to receive, as the result of the application of an element of chance, any money or property, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the parish wherein the machine or device was used for gambling.
D. Whenever any machine or other mechanical or electronic device of any kind whatsoever, not designed and manufactured primarily for use in connection with gambling, including specifically but not limited to coin-operated bowling games, shuffle alleys, mechanical baseball games, pinball games, mechanical guns, electronic ray guns, digger type machines, iron claws, and all similar types of coin-operated games, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the parish wherein the machine or device was used for gambling.
E. The ownership of a federal gambling stamp for any machine or device, other than a machine commonly known as an “iron claw” or a “digger” machine, shall be absolute proof of its use for purposes of gambling, and neither the State of Louisiana nor any subdivision, agency, agent or enforcement officer shall be liable civilly or criminally for the destruction of any gambling device or *438 gambling machine for which a federal gambling stamp has been issued.
In the case of State v. Madere, 352 So.2d 666 (La.1977), the Louisiana Supreme Court held the above statute mandated the summary seizure and destruction of slot machines and other “gambling devices” without regard to whether they were used to conduct gambling. In view of this interpretation, there can be no doubt that defendant was authorized by La.R.S. 15:31 to seize and destroy Brown’s antique slot machine.
Brown challenges defendant’s action on the ground that La.R.S. 15:31 is a denial of due process and the right to property guaranteed by the Louisiana Constitution of 1974. Brown correctly points out that pursuant to La.R.S. 15:31 any device determined by a law enforcement officer to be a slot machine is subject to seizure and destruction without any judicial intervention and without notice or opportunity for a hearing. Nor does the statute require the confiscation be in conjunction with a conviction for a crime related to the possession or use of the slot machine. Indeed, possession of a slot machine has not been defined as a crime. Only when a slot machine is used to commit the crime of gambling[1] is there any reprobated activity.
The pertinent provisions of the Louisiana Constitution are Article 1 § 2 and Article 1 §4:
§ 2. Due Process of Law
No person shall be deprived of life, liberty, or property, except by due process of law.
§ 4. Right to Property
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
* sts sfc ♦ * s}c
Personal effects, other than contraband, shall never be taken.
It has long been recognized that a state through the exercise of its police power can constitutionally act to summarily confiscate and destroy things which cannot be put to a lawful use. However if the thing seized is susceptible of a legal use, due process requires notice and opportunity for a hearing. 38 Am.Jur.2d Gambling § 174; 16A C.J.S. Constitutional Law § 645; 14 A.L.R.3d Gambling Devices — Destruction 368.
In La.R.S. 15:31, the legislature has in effect made slot machines contraband, treating them as though they were insusceptible of lawful possession. Yet their possession is not a crime and their use is illegal only when it is in connection with the crime of gambling. Although contraband is excluded from protection from confiscation in Article 1 § 4 of the 1974 Constitution, the state’s power to classify a thing as contraband is limited by due process considerations and by the provision that property rights can be curtailed only by reasonable statutory restrictions and the reasonable exercise of the police power. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L. Rev. 1, 20 (1974). We do not think the laudable purpose of suppressing gambling can justify summary seizure and destruction of items legally possessed which are not being used for gambling.
Our Supreme Court had occasion in State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977), to consider the application of Article 1 § 4 of our constitution as regards the seizure and forfeiture of private property. Noting Article 1 § 4 was intended to give far-reaching new protection to the right of citizens to own and control private property, the court held R.S. 40:989(A)(4) dealing with the forfeiture of conveyances used to transport controlled dangerous substances to be an unreasonable restriction on the right to property guaranteed by this provi *439 sion. The court also defined contraband as property insusceptible of ownership. “It is an article, such as an illegal drug, the possession of which is proscribed by law,” said the court.
We find the reasoning in State v. 1971 Green GMC Van, supra, to furnish appropriate guidelines in determining whether the one-cent antique slot machine in this case is contraband. We hold it is not contraband but personal property protected by Article 1 § 4 of the Constitution.
We conclude La.R.S. 15:31 to be unconstitutional as violative of both Article 1 § 2 and Article 1 § 4 of our constitution. Our finding of unconstitutionality is, however, limited to that part of the statute which deals with the confiscation and immediate destruction, without judicial proceedings, of those items included within the definitional term “gambling device.”
For the foregoing reasons, the judgment of the lower court is affirmed. Costs in the amount of $113.75 are to be paid by defendant-appellant.
AFFIRMED.
LOTTINGER, J., dissents and assigns written reasons.

. La.R.S. 14:90(A) in pertinent part defines the crime of gambling as follows:
Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.