LOTTINGER, Judge,
dissenting.
I respectfully dissent and disagree with the holding of the majority that La.R.S. 15:31 is unconstitutional to the extent that it authorizes and compels the confiscation and destruction, without judicial proceedings, of those items defined as “gambling devices.”
The majority admits the suppression of gambling is laudable, but concludes it should be restricted only where a device is being used for gambling. I find the majority’s reliance on State v. 1971 Green GMC Van, 354 So.2d 479 (La.1977), to be misplaced.
In State v. Ricks, 215 La. 602, 41 So.2d 232 (1949), Act 231 of 1928, the predecessor legislation of La.R.S. 15:31, came under a due process constitutional attack. The 1928 Act authorized the confiscation and destruction of slot machines.[1] In upholding the constitutionality the court said:
“And the fact that destruction of the slot machine is ordered without notice or hearing does not render the statute unconstitutional as depriving any claimant thereto of due process — as he cannot have or acquire property rights in the condemned article.”
See also the dissent by Gulotta, J. in State v. Madere, 344 So.2d 29, 32 (La.App. 4th Cir. 1977). I too agree the statute is constitutional.
The people speak through the legislature, and as long as its actions are constitutional, it is not for this court or any other court to question its wisdom.
Therefore, for the above reasons I respectfully dissent.

. Art. 231 of 1928 provides:
“That all officers of the State of Louisiana are hereby authorized and empowered, and it is made mandatory and compulsory on their part, to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation.”