392 So.2d 415 (1980)
Pat BROWN, Jr.
v.
STATE of Louisiana, Through DEPARTMENT OF PUBLIC SAFETY, DIVISION OF LOUISIANA STATE POLICE.
No. 67720.
Supreme Court of Louisiana.
December 15, 1980.
Rehearing Denied January 26, 1981.
Howard P. Elliott, Jr., Baton Rouge, for defendant-applicant.
Carolyn Pratt Perry, Daniel J. Dziuba, Franklin, Moore & Walsh, Baton Rouge, for plaintiff-respondent.
CALOGERO, Justice.
The State of Louisiana, relator herein, seeks review of a holding of the First Circuit Court of Appeal, 385 So.2d 436, affirming a judgment of the trial court and declaring R.S. 15:31 unconstitutional. Louisiana Revised Statute 15:31 mandates that law enforcement officers confiscate and immediately destroy all gambling devices that *416 come to their attention.... "gambling devices means: (1) any slot machine; ..." R.S. 15:31B(1).
The Louisiana State Police, acting on information that there was a slot machine in the women's restroom of Pat Brown's Claim Service located in Baton Rouge, seized the machine. Pat Brown, Jr., filed suit seeking an injunction to prevent the police from destroying the slot machine, and requesting that the police be ordered to return it. Plaintiff and defendant stipulated to a number of facts regarding the slot machine: that it was an antique slot machine; that it was a one-cent machine, operable by the insertion of a penny, and not operable by insertion of other coins of greater monetary value; that the machine was operable at the time of seizure; that the machine was not used for gambling purposes; and that the coin box of the machine where deposited coins are stored did not have a lock, so that the coins once deposited could be reclaimed by anyone depositing a penny in the coin slot. Both sides further stipulated that no criminal charges for gambling had been filed against Pat Brown, Jr., as a result of his possession of the slot machine and that the restroom from which the slot machine was seized is not generally open to the public.
The trial court granted the relief sought by plaintiff, ordering that the slot machine be returned to plaintiff. The state appealed that decision to the First Circuit Court of Appeal which affirmed the trial court and declared R.S. 15:31 unconstitutional. The statute at issue requires law enforcement officers to confiscate and destroy three kinds of specified "gambling devices" and also orders the destruction, following conviction of an individual for gambling, of other kinds of "machines used for gambling." In pertinent part, R.S. 15:31 reads:
"A. All law enforcement officers of municipal police forces, sheriffs' departments and the division of state police are hereby authorized and empowered and it is made mandatory and compulsory on their part to confiscate and immediately destroy all gambling devices or machines used for gambling that come to their attention.
"B. As used in this section the term "gambling device" means:
(1) any slot machine; or (2) any machine, mechanical or electronic device of any sort whatsoever with a cash automatic payout device; or (3) a pinball or other ball machine, mechanical or electronic device equipped with a mechanism to release the number of free games or replays and a mechanism to record the free games or free plays so released.
"C. Whenever any other machine, mechanical or electronic device, including but not limited to roulette wheels and similar devices, designed and manufactured primarily for use in connection with gambling, and (1) which, when operated, may deliver, as the result of the application of an element of chance, any money or property, or (2) by the operation of which a person may become entitled to receive, as the result of the application of an element of chance, any money or property, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the parish wherein the machine or device was used for gambling.
"D. Whenever any machine or other mechanical or electronic device of any kind whatsoever, not designed and manufactured primarily for use in connection with gambling, including specifically but not limited to coin-operated bowling games, shuffle alleys, mechanical baseball games, pinball games, mechanical guns, electronic ray guns, digger type machines, iron claws, and all similar types of coin-operated games, is used to conduct gambling, then following the conviction of any person for the crime of gambling by use of any such machine or device, the court wherein the verdict of guilty was returned shall order the immediate destruction of the machine or device by the proper law enforcement agency of the *417 parish wherein the machine or device was used for gambling.
"E...."
It is plaintiff's contention, and the Court of Appeal so ruled, that the above statute allows the state to take personal property without due process of law. We disagree and reverse the holding of the lower court.
In State v. Madere, 352 So.2d 666 (La. 1977), we declined to address the constitutionality of R.S. 15:31 because the issue had not been raised in the lower court. In Madere we did hold, however, that the statute provides for the destruction of slot machines irrespective of their use for gambling. In our view, the legislature distinguished "gambling devices" from "machines used for gambling" and defined gambling devices without reference to use. A slot machine is one of three machines included in the group of items referred to as "gambling devices."[1]
In State v. Ricks, 215 La. 602, 41 So.2d 232 (1949), we upheld a predecessor statute to R.S. 15:31 against a similar due process attack. Our decision in Ricks was grounded on Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894). In Lawton, the United States Supreme Court was asked to declare that a New York statute, which provided for summary destruction of nets used for taking or capturing fish illegally, violated the Fourteenth Amendment of the United States Constitution because it ordered the confiscation of property without a hearing. The United States Supreme Court, instead, held that the law did not violate the Constitution because "the summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the constitution..." 152 U.S. at 142, 14 S.Ct. at 503.
The provisions of the Louisiana Constitution pertinent to our determination are Article I, § 2; Article I, § 4 and Article XII, § 6. Article I, § 2 provides: "No one shall be deprived of life, liberty, or property, except by due process of law." Regarding property, Article I, § 4 makes provision for the right to the ownership, use and enjoyment of private property. The statement of the right to private property is immediately followed by the pronouncement that the right is subject to "reasonable statutory restrictions and the reasonable exercise of the police power."[2] The second paragraph of that very section makes indirect reference to the fact that personal effects which constitute contraband are subject to taking by the government.[3] Finally, Article XII, § 6, separate and distinct from the two foregoing provisions, directs the Legislature to define and suppress gambling.[4]
Louisiana constitutions since 1879 have contained directives similar to that now found in Article XII, § 6. In response to these directives, the legislature passed the predecessor acts to the current R.S. 15:31. Acts 1898, No. 57, and Acts 1908, No. 107, made it a misdemeanor to use or play slot machines and a misdemeanor to have slot machines on the premises if the machines were in use or if any business was being conducted on the premises. In 1928, the legislature enacted Act No. 231 providing for the summary destruction by the police of "all gambling devices known as slot machines that may come to their attention, or *418 that they may find in operation." With the codification of the criminal statutes of the state in 1942 (Act No. 43), the legislature repealed the acts which made it a misdemeanor to play or possess slot machines. Acts 1928, No. 231, has been refined and embellished by the legislature through the years but the essential elements remain the same: the police may summarily destroy slot machines.
Respondent argues that the absence of a statute prohibiting the possession and use of slot machines removes them from the designation contraband. We answer this argument by observing that slot machines have historically been treated as contraband. Since the repeal of the statutes making possession and use of slot machines illegal, this Court has consistently referred to slot machines as contraband. In State v. Ricks, supra, we noted that Acts 1928, No. 231, declared slot machines to be contraband and the destruction of slot machines without notice or hearing did not render the statute unconstitutional because Mr. Ricks "cannot have or acquire property rights in the condemned article." 41 So.2d at 234.
In Killian v. Craft, 226 La. 374, 379, 76 So.2d 401, 402 (1954), we said that "slot machines are contraband and not property capable of private ownership." Following Gascon v. State, Department of Public Safety, 263 So.2d 81 (La.App. 1st Cir. 1972), in which the appellate court held that slot machines not being used in gambling were not contraband, the legislature amended R.S. 15:31 in such a way as to remove any doubt that the slot machines did not have to be used in gambling to subject them to summary destruction. This amendment formed the basis of our holding in Madere, supra.
The legislature, by providing for the summary destruction of slot machines, has followed the constitutional mandate to suppress gambling. R.S. 15:31 constitutes at least as direct a legislative pronouncement that slot machines are contraband as would a statute simply making their possession illegal.
In summary, the challenged statute does not violate the federal constitution for the reasons expressed by the United States Supreme Court in Sentell v. New Orleans & C. R. Co., 166 U.S. 698, 705, 17 S.Ct. 693, 696, 41 L.Ed. 1169 (1897):
"It is true that under the fourteenth amendment no state can deprive a person of his life, liberty, or property without due process of law; but in determining what is due process of law we are bound to consider the nature of the property, the necessity for its sacrifice, and the extent in which it has heretofore been regarded as within the police power. So far as property is inoffensive or harmless, it can only be condemned or destroyed by legal proceedings, with due notice to the owner; but, so far as it is dangerous to the safety or health of the community, due process of law may authorize its summary destruction."
Nor does R.S. 15:31 offend the Louisiana constitutional provisions regarding due process and the right to private property. As we interpret these provisions alongside others which direct the legislature to suppress gambling and which make reference to contraband, we find no intention on the part of the Constitutional Convention or the people to prohibit legislation such as R.S. 15:31. The legislature followed the constitutional directive to suppress gambling by providing for the summary destruction of slot machines. In the latest definitive statutory expression of the legislature[5] of this state, slot machines are inherently detrimental *419 to the community and thus properly the subject of summary destruction.[6]

Decree
Accordingly, the holding of the Court of Appeal that R.S. 15:31 is unconstitutional is reversed and the trial court's order that the state return the slot machine to the plaintiff is dissolved.
REVERSED.
WATSON, J., dissents and assigns reasons.
LEMMON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
I disagree with the majority's conclusion that an antique slot machine operated with pennies is so dangerous to the community that its summary destruction is authorized. Since it was stipulated that the machine was not used for gambling purposes, it cannot be included constitutionally in the statutory prohibition of LSA-R.S. 15:31. The Court of Appeal opinion presents a correct analysis.
Therefore, I respectfully dissent.
LEMMON, Justice, dissenting.
Since the coin box did not have a lock, this machine could not in fact be used for gambling purposes and therefore could not reasonably be classified as either a gambling device or an instrumentality which is so dangerous to the safety or health of the community that its summary destruction is warranted. Accordingly, R.S. 15:31 is inapplicable, and it is unnecessary to reach the constitutional issue.
I dissent from the decision declaring the statute unconstitutional.
NOTES
[1] The other two are "any machine, mechanical or electronic device of any sort whatsoever with a cash automatic payout device" and a "pinball or other ball machine, mechanical or electronic device equipped with a mechanism to release the number of free games or replays and a mechanism to record the free games or free plays so released." R.S. 15:31B(2), (3).
[2] Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 12 notes: "The background of [this] provision indicates an understanding that the statutory limitations and police power regulations are to be given a broad ambit."
[3] "... Personal effects, other than contraband, shall never be taken." This is the last sentence of a paragraph which speaks of expropriation. Nevertheless, the reference to contraband is clear.
[4] "Neither the state nor any of its political subdivisions shall conduct a lottery. Gambling shall be defined by and suppressed by the legislature." La.Const. Art. XII, § 6.
[5] In this regard, we do note that SB 470 of 1980 removed antique gaming machines (those constructed prior to October 1, 1950, and presumably including slot machines of that early vintage) from the classification as a gambling device. The bill authorized the ownership and possession of such machines, unless used for unlawful gambling. In that situation, the bill authorized their seizure, but only when found being used for gambling, and required that they not be destroyed until there was judgment of a court that they were indeed used for unlawful gambling. SB 470 passed both houses of the Louisiana Legislature unanimously, but was vetoed by the governor after the close of the 1980 legislative session.
[6] Our holding in this case is limited to the issue of summary seizure and destruction of "gambling devices" as defined in paragraph B of the above statute. We are specifically not considering the right of the police to seize and destroy "machines used for gambling" other than the "gambling devices" listed in B. While paragraph A of the statute seems to give the police the right to summarily seize and destroy these other machines also, we note that paragraphs C and D require, prior to destruction, conviction of a person for the crime of gambling, R.S. 14:90. R.S. 14:90.1, added by the legislature in 1979, reiterates the conviction requirement before machines other than "gambling devices" are to be disposed of:

"Upon conviction of a person for the crime of gambling, the evidence, property, and paraphernalia seized as instruments of such crime shall, upon order of the Court, be destroyed when it is no longer needed as evidence and all such evidence, property, and paraphernalia found to be in use in the conduct of such unlawful activity and having a value for lawful purposes, shall be sold under the orders of the Court at public auction by a duly licensed auctioneer and the proceeds paid into the Court. Upon conviction, as aforesaid, any monies and other things of value, except as herein provided, shall be transferred to these state general fund."
Furthermore, even without the statutory limitations, there are more serious due process and right to private property considerations regarding machines not specifically enumerated and identified as "gambling devices" in the statute.