STATE OF LOUISIANA

VERSUS

DAVID MAYFIELD

NO. 23-KH-382

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

August 09, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** DAVID MAYFIELD

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 20-0556

---

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

## WRIT GRANTED; REMANDED

The relator, David Mayfield, seeks review of the trial court's July 18, 2023 ruling which denied the return of firearms following the completion of his probation for two misdemeanor convictions.

La. R.S. 15:41 details the procedure for disposition of property seized in connection with criminal proceedings, and provides, in part:

A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.

B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:

(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
. . .

C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.

Accordingly, the statute requires two findings by the trial court at a contradictory hearing with the Clerk of Court: ownership of an item by the claimant, and a determination of whether an item is, in fact, contraband. La. C.Cr.P. art. 167 states, in part, "[i]f seized property is not to be used as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the direction of the judge."

At the outset, the limited application before us indicates that the Clerk of Court for the Twenty-Ninth Judicial District Court Parish of St. Charles was not represented at the contradictory hearing, as required by La. R.S. 15:41(C). While this factor alone is a sufficient basis upon which to vacate the trial court's ruling and remand the matter, there are factual deficiencies which further support our disposition.

The application is devoid of any evidence presented at the hearing regarding the relator's ownership of the firearms he sought to have returned. There is no documentation to prove his claim by way of legal registration or bill of sale, no sworn affidavit, and no testimony by the relator. In addition, there is no recitation of a factual basis to indicate the circumstances under which the firearms were initially seized, which would tend to show ownership. Also, there were allegations by the State at the hearing concerning the relator's prior convictions which, if true, may have a bearing on the relator's eligibility to possess firearms in this State, as per La. R.S. 14:95.1.

The application also does not provide any evidence or finding by the trial court of whether the firearms in this matter are contraband. As explained by the Louisiana Supreme Court in *State v. Manuel*, 426 So.2d 140, 144 (La. 1983):

It is generally recognized that there are two kinds of property which may be classified as contraband. Things which intrinsically are illegal to possess and are therefore insusceptible of ownership are categorized as contraband per se. Such articles include illegal narcotics, unregistered stills, unlawful alcohol, and illicit gambling devices. See *One 1958 Plymouth Sedan v. Pennsylvania supra; Brown v. State, Etc.*, 392 So.2d 415 (La.1980). Things which may be forfeited because they are the immediate instruments of a crime, but which are not ordinarily illegal to possess, are classed as derivative contraband. *One 1958 Plymouth Sedan v. Pennsylvania, supra, U.S. v. One 1972 Chevrolet Corvette*, 625 F.2d 1026 (1 Cir.1980). Derivative contraband encompasses guns, automobiles, ships and other such property when used to effectuate a proscribed activity. *Id.*

For the foregoing reasons,[1] the writ application is granted, the trial court ruling denying the relator's motion is vacated, and we remand the matter for further proceedings.

Gretna, Louisiana, this 9th day of August, 2023.

**JJM**
**SMC**
**MEJ**

---

[1] Neither La. R.S. 15:41 or La. C.Cr.P. art. 167 expressly provide for the denial of a motion on a "public policy" basis. Rather, these statutes compel the return of items, provided certain criteria are met. Although the trial court's stated considerations for denying the relator's motion are not unreasonable,[1] the Louisiana Supreme Court has held that it is not permissible for a judge to substitute his or her own policy considerations for those of the legislature. As stated by the court in *Soloco, Inc. v. Dupree*, 97-1256 (La. 1/21/98), 707 So.2d 12, 16:

> The district court erred in allowing its own policy determination to override the policy determination made by the legislature. It is not the prerogative of the judiciary to disregard public policy decisions underlying legislation or to reweigh balances of interests and policy considerations already struck by the legislature. *Daigle v. Clemco Industries*, 613 So.2d 619 (La. 1993). It is not our role to consider the wisdom of the legislature in adopting the statute.

*Id. citing Daigle v. Clemco Industries*, 613 So.2d 619 (La. 1993). Similarly, this Court is constrained to uphold the policy determinations of the legislature in enacting the law. If any change to the law is warranted in the interest of public safety, it must originate from that body.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/09/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KH-382**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Maria M. Chaisson (Relator)

### MAILED

Hon. Honorable Joel T. Chaisson, II
(Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057